NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EMERSON RADIO CORPORATION,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>EMERSON QUIET KOOL CO. LTD. and<br>HOME EASY LTD.,<br><br>　　　　　　　Defendants. | Case No. 2:17-cv-5358 (SDW)(LDW)<br><br>**OPINION**<br><br>March 5, 2018 |

**WIGENTON**, District Judge.

Before the Court is Defendants Emerson Quiet Kool Co. Ltd. and Home Easy Ltd.'s (collectively, "Defendants") Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, Defendants' Motion to Dismiss is **DENIED**.

## I.　BACKGROUND & PROCEDURAL HISTORY

Plaintiff Emerson Radio Corporation ("Emerson Radio" or "Plaintiff") brings the instant action against Defendants Emerson Quiet Kool Co. Ltd. ("EQK") and Home Easy Ltd. ("Home Easy") to prevent Defendants from infringing upon Emerson Radio's trademarks. (Am. Compl. ¶ 1, ECF No. 30.) Plaintiff is a provider of consumer household appliances bearing the EMERSON mark, and is known for its high-quality consumer products, several of which have received

accolades and market recognition. (*Id*. ¶¶ 4, 33.) Additionally, Plaintiff owns several U.S. trademark registrations for the marks bearing the name EMERSON and EMERSON (with G-Clef Design) (collectively, the "Emerson Radio Marks").[1] (*Id*. ¶¶ 19, 25-26.) Plaintiff alleges that the Emerson Radio Marks have been in continuous and uninterrupted use in United States commerce since the early 1900s. (*Id*. ¶ 25.)

Defendant EQK is a provider of consumer products, including window and wall room air conditioning units and dehumidifiers ("EQK Goods"). (*Id*. ¶ 8.) Defendants EQK and Home Easy operate together from the same address, and Home Easy provides warranty services for EQK Goods. (*Id*. ¶¶ 9-10.) Defendants recently began selling and marketing a line of air conditioning products using the mark EMERSON QUIET KOOL, for which Defendants own a U.S. trademark registration. (*Id*. ¶¶ 1, 49-57.) Plaintiff alleges that prior to 2017, the marks EMERSON QUIET KOOL and QUIET KOOL had lengthy periods of non-use and abandonment. (*Id*. ¶ 57.)

In May 2017, Defendants launched the EQK Goods on the domain emersonquietkool.com and under the mark EMERSON QUIET KOOL. (*Id*. ¶¶ 37, 40.) The EQK website contained a number of historical images that displayed the Emerson Radio name, until July 2017 when Plaintiff sent a cease and desist letter to Defendants. (*Id*. ¶¶ 41-45.) Plaintiff alleges that it has no relationship or affiliation with either Defendant and did not consent to the display of images of Plaintiff's products or the use of its name and brand on the EQK website. (*Id*. ¶ 47.) Plaintiff further alleges that Defendants' misrepresentation about its history, reputation and association with Emerson Radio has caused consumer confusion and harmed Plaintiff's goodwill. (*Id*. ¶¶ 66-80.)

---

[1] From 1953 to 1980, Plaintiff's predecessors sold air conditioners under the mark QUIET KOOL by EMERSON RADIO. (Am. Compl. ¶ 22.) In 1960, Emerson Radio's predecessors became a division of National Union Electric Corp. (*Id*. ¶ 23.) In 1984, Emerson Radio acquired the Emerson Radio Marks and their related goodwill through an assignment and merger. (*Id*. ¶¶ 23-24.)

2

On July 21, 2017, Plaintiff filed suit in this Court. (ECF No. 1.) On July 28, 2017, Plaintiff filed a motion for a preliminary injunction.[2] (ECF No. 8) On September 19, 2017, Plaintiff filed an Amended Complaint alleging Trademark Infringement under 15 U.S.C. § 1114 (Count I); Trademark Infringement, Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125(a)(1)(A) (Count II); False Advertising under 15 U.S.C. § 1125(a)(1)(B) (Count III); violation of the Anticybersquatting Consumer Protection Act under 15 U.S.C. § 1125(d) (Count IV); Trademark Infringement under N.J. Stat. Ann. § 56:3-13.16 (Count V); State Trademark Dilution under N.J. Stat. Ann. § 56:13-20 (Count VI); False Designation of Origin under N.J. Stat. Ann. § 56:8-2 (Count VII); Trademark Infringement under New Jersey Common Law (Count VIII); Unfair Competition and False Designation of Origin under New Jersey Common Law (Count IX); and seeking Cancellation of Registration No. 4,688,893 (Count X). (*See generally* Am. Compl.) On October 31, 2017, Defendants filed the instant Motion to Dismiss the Amended Complaint.[3] (ECF No. 44.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 8(a)(2) requires a complaint to set forth a "short and plain statement of the claim showing that a pleader is entitled to relief." This short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleading standard under Rule

---

[2] While the motion was pending, Defendants filed a Motion to Dismiss the Complaint. (ECF No. 23.) On September 25, 2017, after hearing oral argument, this Court denied Plaintiff's motion for a preliminary injunction, and entered an Order withdrawing Defendants' motion to dismiss, in light of Plaintiff's filing of its Amended Complaint. (ECF Nos. 33-35.)

[3] Plaintiff filed its opposition on December 4, 2017, and Defendants replied on December 18, 2017. (ECF Nos. 47, 50.)

3

8 requires "more than an unadorned, the defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted); *Dillin v. Constr. & Turnaround Servs., LLC*, No. 14-8124, 2015 U.S. Dist. LEXIS 124873, at *7-8 (D.N.J. Sept. 18, 2015). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Twombly*, 550 U.S. at 555. But, conclusory or bare-bones allegations will not do. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). *Iqbal* held, "to survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face. *Id.* at 678 (internal citations omitted); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (discussing the standard).

## III. DISCUSSION

Defendants seek dismissal of Plaintiff's claims based on a 1983 assignment, which Defendants attach for the first time in their reply brief.[4] (ECF No. 50-1 ¶ 2.) Defendants make a global argument that "the assignment precludes Plaintiff from enforcing any rights against Defendants" related to the "marks EMERSON QUIET KOOL and QUIET KOOL, the Emerson

---

[4] A Court may look beyond the pleadings and "consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Radio 'G Klef' mark (for air conditioners), and the associated good will."[5] (ECF No. 44-1 at 9.) However, the document only refers to the assignment of rights as it pertains to air conditioners, (ECF No. 50-1 ¶ 2); it does not assign any rights as it pertains to EQK's dehumidifiers, which are also a basis for Plaintiff's claims. (Am. Compl. ¶¶ 36-37, 68, 88, 120.) At this point in the litigation, the Court must accept the allegations in the Complaint as true. *See Phillips*, 515 F. 3d at 231. In doing so, this Court finds that Plaintiff has sufficiently pled that it is the rightful owner of the EMERSON trademark and that it has the right to bring the instant infringement action. Accordingly, Plaintiff's claims must survive the instant motion to dismiss.

### A. Trademark Infringement and Unfair Competition

To be successful on a trademark infringement or unfair competition claim under the Lanham Act, Plaintiff must prove that: "(1) the mark [it seeks to protect] is valid and legally protectable, (2) [the plaintiff] owns the mark, and (3) the defendant's use of the mark is likely to create confusion concerning the origin of goods or services associated with the mark." *Health & Body Store, LLC v. Justbrand Ltd.*, 480 Fed. App'x. 136, 145 n.15 (3d Cir. 2012) (quoting *E.T. Browne Drug Co. v. Cococare Prods., Inc.*, 538 F.3d 185, 191 (3d Cir. 2008)) (internal quotations omitted); *see also A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000) ("We measure federal trademark infringement, 15 U.S.C. § 1114, and federal unfair competition, 15 U.S.C. § 1125(a)(1)(A), by identical standards."). The pleading standards are the same for trademark infringement and unfair competition claims under state and federal law, and

---

[5] This Court notes that the 1983 assignment is from National Union Electric Corp., a non-party, to Defendant EQK. (ECF No. 50-1.) There is no evidence of an assignment of rights from Plaintiff to Defendants.

the parties do not dispute this fact. (ECF No. 44-1 at 19; ECF No. 47 at 4.) As such, the analysis below applies to Counts I-II and V-IX.[6]

Here, Plaintiff has sufficiently pled its claims for trademark infringement and unfair competition. First, the Amended Complaint alleges Plaintiff has sold consumer goods and appliances using the EMERSON mark for over 100 years. (Am. Compl. ¶¶ 1, 19.) Indeed, the EMERSON brand was registered on January 25, 1916, and the Emerson "G Clef" mark was registered in 1944. (*Id*. ¶¶ 20-21.) Thus, the EMERSON mark is valid and legally protectable. Second, the Emerson Radio Marks are owned by Plaintiff as evident through their U.S. trademark registrations. (*Id*. ¶¶ 26-28; Ex. A.) Third, the Amended Complaint alleges that Defendants have wrongfully used the Emerson Radio Marks to market their air conditioners and dehumidifiers, which has caused consumer confusion. (*Id*. ¶¶ 17, 69-70, 75-78.) Specifically, the Amended Complaint alleges that Defendant EQK's website has "displayed a number of historical images of air conditioners . . . several of which clearly display the Emerson Radio name[,]" (*id*. ¶ 45), and Defendants' "marketing materials are false misrepresentations about Defendants' history, reputation and association with Emerson Radio[,]" (*id*. ¶ 66), which "confuse and deceive consumers into believing that they are purchasing Emerson Radio Goods when they are actually purchasing EQK Goods." (*Id*. ¶ 67.) Further, Plaintiff alleges that consumer confusion has already occurred in the marketplace because consumers have contacted Plaintiff to complain about "the quality of the EQK Goods or seek[] replacement parts for newly purchased [EQK] products" that

---

[6] Trademark Infringement under 15 U.S.C. § 1114 (Count I); Trademark Infringement, Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125(a)(1)(A) (Count II); Trademark Infringement under N.J. Stat. Ann. § 56:3-13.16 (Count V); State Trademark Dilution under N.J. Stat. Ann. § 56:13-20 (Count VI); False Designation of Origin under N.J. Stat. Ann. § 56:8-2 (Count VII); Trademark Infringement under New Jersey Common Law (Count VIII); and Unfair Competition and False Designation of Origin under New Jersey Common Law (Count IX).

Plaintiff does not make. (*Id.* ¶¶ 68-69.) Thus, Plaintiff sufficiently pled its claims for trademark infringement and unfair competition. Accordingly, Defendants' motion to dismiss Counts I-II and V-IX is denied.

### B. False Advertising under 15 U.S.C. § 1125(a)(1)(B) (Count III)

As an initial matter, Defendants argue that Plaintiff lacks standing to bring a claim under 15 U.S.C. § 1125(a) because Plaintiff is not a competitor. (ECF No. 44-1 at 12-13.) However, Defendants' assertion is without merit as the Supreme Court has held that a plaintiff need not be a direct competitor to pursue a false advertising claim. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1392 (2014) ("It is thus a mistake to infer that because the Lanham Act treats false advertising as a form of unfair competition, it can protect only the false-advertiser's direct competitors."). Thus, Plaintiff may assert its false advertising claim.[7]

To state a Lanham Act claim for false advertising under 15 U.S.C. § 1125(a)(1)(B), a plaintiff must plead:

> 1) that the defendant has made false or misleading statements as to his own product or another's, 2) that there is actual deception or a tendency to deceive a substantial portion of the intended audience, 3) that the deception is material in that it is likely to influence purchasing decisions 4) that the advertised goods traveled in interstate commerce, and 5) that there is a likelihood of injury to the plaintiff in terms of declining sales, loss of good will, etc.

*Larry Pitt & Assocs. v. Lundy Law LLP*, No. 13-2398, 2018 U.S. Dist. LEXIS 25906, at *10 (E.D. Pa. Feb. 15, 2018).

---

[7] This Court also finds that Plaintiff has Article III standing. To show Article III standing, a plaintiff bears the burden of establishing the following: (1) "an injury-in-fact," (2) "a causal connection between the injury and the conduct complained of;" and (3) a likelihood "that the injury will be redressed by a favorable decision." *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Here, Plaintiff alleges in detail that it owns the Emerson Radio Marks, and that Defendants' use of Plaintiff's marks in advertising their EQK products has caused consumer confusion and harm to Plaintiff's reputation and goodwill. (Am. Compl. ¶¶ 20-21, 89, 100-07.)

7

Here, in support of its false advertising claim, Plaintiff alleges (1) that Defendants have displayed images of Plaintiff's "classic products" on the EQK website, thereby suggesting to consumers that Defendants' products are somehow affiliated with Plaintiff's brand; (2) Plaintiff has no relationship or affiliation with either Defendant, and the association with Plaintiff's brand has already deceived, and will continue to deceive, a substantial portion of consumers; (3) Defendants' reference to Plaintiff's brand on their website would likely influence consumers' purchasing decisions because of the goodwill associated with Plaintiff's brand; (4) Defendants' products have already traveled in interstate commerce; and (5) Defendants' acts have caused Plaintiff to "suffer irreparable harm in the nature of loss of control over its reputation and loss of consumer good will." (Am. Compl. ¶¶ 36-47, 87-95, 108-16.) Defendants do not argue that Plaintiff has failed to sufficiently plead its false advertising claim. Thus, Defendants' motion to dismiss Count III is denied.

## C. Violation of the Anticybersquatting Consumer Protection Act under 15 U.S.C. § 1125(d) (Count IV)

To state a claim under the Anticybersquating Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), a plaintiff must allege: "(1) the plaintiff's mark is distinctive or famous; (2) the defendant's domain name is identical or confusingly similar to plaintiff's mark; and (3) the defendant registered his domain name with the bad faith intent to profit from it." *Am. Diabetes Ass'n v. Friskney Family Tr., LLC*, 177 F. Supp. 3d 855, 880 (E.D. Pa. 2016) (citing *Louis Vuitton Malletier & Oakley, Inc. v. Veit*, 211 F. Supp. 2d 567, 582 (E.D. Pa. 2002)).

Here, the Amended Complaint alleges (1) the Emerson Radio Marks are distinctive, (Am. Compl. ¶¶ 25-26, 122); (2) the "Defendants' domain name [emersonquietkool.com] expressly contains Emerson Radio's EMERSON trademark and is therefore confusingly similar" to Plaintiff's mark, (*id.* ¶ 121); and (3) Defendants intentionally set out to trade on the reputation and

8

goodwill of the Emerson Radio brand, (*id*. ¶¶ 125-26). Thus, Plaintiff has sufficiently stated a claim under the ACPA. Defendants do not argue that Plaintiff has failed to sufficiently plead this cause of action. Thus, Defendants' motion to dismiss Count IV is denied.

### D. Cancellation of Registration No. 4,688,893 (Count X)

To adequately plead Cancellation of Registration for likelihood of confusion under 15 U.S.C. § 1119, Plaintiff must show that Defendants' marks:

> so resembles a mark registered in the Patent and Trademark Office, or a mark or trade name previously used in the United States by another and not abandoned, as to be likely, when used on or in connection with the goods of the applicant, to cause confusion, or to cause mistake, or to deceive.

15 U.S.C. § 1052(d).[8] Here, Plaintiff has sufficiently pleaded that Defendants' EMERSON QUIET KOOL mark is substantially identical to Plaintiff's Emerson Radio Marks and the continued use of Defendants' mark is likely to cause consumer confusion. (Am. Compl. ¶¶ 25-28, 66-80, 167-75.) Thus, Defendants' motion to dismiss Count V is denied.

### E. Laches

Generally, courts in this circuit "will not rely on an affirmative defense . . . to trigger dismissal of a complaint under Rule 12(b)(6)." *Connolly v. Mitsui O.S.K. Lines (Am.), Inc.*, No. 04-5127, 2007 U.S. Dist. LEXIS 86490, at *14 (D.N.J. Nov. 21, 2007) (quoting *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 n.4 (3d Cir. 2007)). "Only where an affirmative defense appears

---

[8] Defendants argue that Plaintiff's cancellation of registration is based on abandonment. But, Plaintiff argues that it seeks cancellation of registration based on likelihood of confusion. Notwithstanding, this Court finds that Plaintiff has also asserted a prima facie case for abandonment by alleging that the EMERSON QUIET KOOL and QUIET KOOL marks were not in use for over fifteen (15) years. (Am. Compl. ¶¶ 56, 63-64); *see Koninkijke Philips Elecs. N.V. v. Hunt Control Sys.*, No. 11-3684, 2016 U.S. Dist. LEXIS 84299, at *31 (D.N.J June 29, 2016) (citing 15 U.S.C. § 1127) ("[T]o adequately plead a claim for abandonment, a party must show either (1) at least three consecutive years of nonuse of a trademark, or (2) a period of nonuse of less than three years combined with proof of intent to not resume use.").

9

unanswered on the face of the complaint is it an appropriate ground for a motion to dismiss." *Id*. Moreover, "when the defense of laches depends on disputed facts, it is inappropriate to make a determination on a motion to dismiss." *Kaufhold v. Caiafa*, 872 F. Supp. 2d 374, 380 (D.N.J. 2012). Here, Defendants argue their affirmative defense of laches warrants dismissal of Plaintiff's claims. (ECF No. 44-1 at 14-16.) However, several factual disputes exist between the parties, including whether Defendants' predecessors ceased using the EMERSON QUIET KOOL mark for a period of time prior to its relaunch in May 2017. (Am. Compl. ¶¶ 49-65; ECF No. 47 at 20.) Thus, at this stage in the litigation, Defendants' motion to dismiss based on the defense of laches must be denied.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **DENIED**. An appropriate order follows.

s/ *Susan D. Wigenton*  
**SUSAN D. WIGENTON**  
**UNITED STATES DISTRICT JUDGE**

Orig:   Clerk  
cc:     Leda D. Wettre, U.S.M.J.  
        Parties